MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Acting Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
CYNTHIA M. FREY (CABN 150571)
Assistant United States Attorney
    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: kevin.barry@usdoj.gov
           cynthia.frey@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN GIMBEL,<br><br>    Defendant. | CR No. 09-0989 MHP<br><br>**UNITED STATES' *EX PARTE* APPLICATION FOR AN ORDER AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER PERMITTING RELEASE OF GRAND JURY TRANSCRIPTS** |

**A. Introduction**

    The government, hereby respectfully applies <u>ex parte</u> for an order pursuant to Federal Rule of Criminal Procedure 6(e), authorizing the government to provide the defendant with copies of the grand jury testimony of witnesses whom the government may call at trial. This application is also necessitated by the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500.

//

B. <u>Government Request</u>

The secrecy provisions of Federal Rule of Criminal Procedure 6(e) provides in pertinent part that:

> The Court may authorize disclosure — at a time, in a manner, and subject to any other conditions that it directs — of a grand-jury matter:
>
> (i) preliminarily to or in connection with a judicial proceeding . . . .

Fed. R. Crim. P. 6(e)(3)(E).

The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. <u>In re William H. Pflaumer & Sons, Inc.</u>, 53 F.R.D. 464, 470 (E.D. Pa. 1971); <u>see also</u> <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958).

In <u>U.S. Industries, Inc. v. United States District Court</u>, 345 F.2d 18 (9th Cir.), <u>cert. denied</u>, 382 U.S. 814 (1965), the Ninth Circuit observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. The court held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." <u>Id.</u> at 21.

The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

<u>Id.</u> at 22 (quoting <u>United States v. Amazon Ind. Chem. Corp.</u>, 55 F.2d 254 (D. Md. 1931)); <u>accord</u> <u>Procter & Gamble Co.</u>, 356 U.S. at 681–82 n.6.

//

UNITED STATES' *EX PARTE* APPLICATION FOR AN ORDER
PERMITTING RELEASE OF GRAND JURY TRANSCRIPTS
CR 09-0989 MHP                                            2

In this case, the policy considerations requiring secrecy apply with diminished force. The case has already been indicted, and the matter is set to proceed to trial on July 6, 2010. See In re William H. Pflaumer & Sons, Inc., 53 F.R.D. at 470 (stating that "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle"). At this point, the grand jury proceedings have concluded, and, therefore, disclosing the testimony of the witnesses before the grand jury would not implicate the other policy concerns in this case. Moreover, disclosure of the grand jury testimony is in the interest of justice because it will permit the defendant to have at least some Jencks material in advance of the testimony of witnesses pursuant to 18 U.S.C. § 3500.

C. **Conclusion**

Accordingly, the government moves this Court to issue an order authorizing the government to provide the defendant with copies of the grand jury testimony of witnesses whom the government may call at trial. A proposed order is set out below.

DATED: October 20, 2010

Respectfully submitted,

MELINDA HAAG
United States Attorney

KEVIN J. BARRY
CYNTHIA M. FREY
Assistant United States Attorneys

UNITED STATES' *EX PARTE* APPLICATION FOR AN ORDER
PERMITTING RELEASE OF GRAND JURY TRANSCRIPTS
CR 09-0989 MHP                                                          3

**[~~PROPOSED~~] ORDER**

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E) that plaintiff United States of America may supply the defendant John Gimbel with a copy of the grand jury testimony of witnesses the government may call at trial. This order is being entered to permit compliance with the disclosure provision of the Jencks Act, 18 U.S.C. § 3500.

IT IS FURTHER ORDERED that neither the defendant nor advisory counsel shall disclose such grand jury testimony to any other persons, except as necessary in preparation of the defense, without prior authorization from this Court, and that the copy of the testimony provided to the defense (and any reproductions or copies made of the produced copy) shall be returned to the government at the conclusion of proceedings in this case.

DATED: 10/25, 2010

HONORABLE MARILYN HALL PATEL
United States District Judge