UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C 09-00989 MHP

UNITED STATES OF AMERICA,

   v.

JOHN GIMBEL,

        Defendant.
                                            /

**MEMORANDUM & ORDER**

**Re: Defendant's Motion for Reconsideration**

      Defendant John Gimbel ("Gimbel") is charged in a three-count indictment with making threats against the President in violation of 18 U.S.C. § 871(a), making threats against the President's immediate family in violation of 18 U.S.C. § 879(a) and transmitting such threats through interstate commerce in violation of 18 U.S.C. § 875(c). The charges arise from an email that Gimbel sent to the President, Vice-President, many White House staff members and a number of news organizations on September 28, 2009. Sections 871(a), 879(a) and 875(c) criminalize speech, and as such, they "must be interpreted with the commands of the First Amendment clearly in mind." *Watts v. United States*, 394 U.S. 705, 707 (1969). In accordance with the First Amendment, "the statute[s] initially require[] the Government to prove a 'true threat.'" *Id.*; *see also United States v. Romo*, 413 F.3d 1044, 1051 (9th Cir. 2005).

      On August 12, 2010, the court denied Gimbel's motion to dismiss the indictment finding that the court could not, as a matter of law, hold that Gimbel's email was not a true threat. *See* Docket No. 39 (Memorandum and Order Dismissing Defendant's Motion to Dismiss the Indictment). Gimbel now moves the court to reconsider its denial of his motion to dismiss the indictment.

1  Gimbel argues that because his counsel did not submit the entire text of the email with his motion to
2  dismiss the indictment, the court was unable to properly conclude that Gimbel's email was not a true
3  threat as a matter of law.  Accordingly, Gimbel now submits the entire text of the email with this
4  motion for reconsideration.

5  After considering the email in its entirety, the court concludes that its reasoning in denying
6  Gimbel's motion to dismiss the indictment remains valid, and the court cannot, as a matter of law,
7  hold that Gimbel's email was not a true threat. *Id.*  As previously noted, Gimbel's attorney will have
8  the right at trial to attempt to persuade the jury that the email taken in its entirety was not a true
9  threat.  Accordingly, Gimbel's motion for reconsideration is DENIED.

11  IT IS SO ORDERED.

13  Dated:  October 25, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California